Hernan SINDICUE–HERRERA,
Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 08–3153.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) July 8, 2009.

Opinion filed: July 13, 2009.

John D. Perez, Esq., Perez, Perez & Perez, Newark, NJ, for Petitioner.

Ada E. Bosque, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Hernan Sindicue–Herrera, a native and citizen of Colombia, entered the United States in 1998 with his wife and two children on visitor visas, which they subsequently overstayed. In 2005, he was served with a Notice to Appear and con-

ceded his removability before an Immigration Judge (IJ). He then applied for withholding of removal and protection under the Convention Against Torture (CAT), arguing that if he returned to Colombia he would be persecuted and tortured by a guerilla organization called the Revolutionary Armed Forces of Colombia (FARC). In particular, he testified that members of the FARC forced him and others in his hometown to attend recruitment meetings; he explained that he attended those meetings out of fear of reprisals by the guerillas. Sindicue–Herrera further testified that he moved to the capital, Bogota, to escape the FARC and that after his move, members of the guerilla organization questioned his parents as to his whereabouts. He also submitted evidence demonstrating that FARC members murdered his cousin for refusing to attend the meetings.

Although the IJ concluded that Sindicue–Herrera's testimony was credible, she denied relief, concluding that he had not carried his burden of proving that his experience with the FARC guerillas in his hometown constituted persecution and that the record did not show that he more likely than not faced a likelihood of persecution or torture if he returned to Colombia. On appeal, the Board of Immigration Appeals (BIA) affirmed. As to his withholding of removal claim, the BIA agreed that the FARC forcing him to attend lectures did not satisfy the statutory definition of persecution. The BIA also rejected Sindicue–Herrera's claim that "those the FARC believes have something of worth" constituted a "social group" under the withholding of removal regulations. Finally, the BIA concluded that Sindicue–Herrera's fear of persecution is not country-wide, pointing to his relocation to Bogota, where he faced no encounters with the FARC for nine years.

The BIA also concluded that Sindicue–Herrera did not carry his burden of proving his entitlement to CAT relief. It observed that even if he had shown that the Colombian government is "willfully blind" to the FARC's conduct, Sindicue–Herrera had not demonstrated that he will more likely than not face torture at the hands of FARC if returned to Colombia, pointing again to his safe relocation to Bogota.

We have jurisdiction under 8 U.S.C. § 1252. We uphold the BIA's determinations if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Yusupov v. Att'y Gen.,* 518 F.3d 185, 197 (3d Cir.2008). Under the substantial evidence standard, the BIA's determinations "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft,* 242 F.3d 477, 483–84 (3d Cir.2001) (*citing INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

To be eligible for withholding of removal, Sindicue–Herrera must demonstrate that "there is a greater-than-fifty-percent chance of persecution" in Colombia based on one of the protected grounds. *Senathirajah v. INS,* 157 F.3d 210, 215 (3d Cir. 1998); *see also* 8 U.S.C. § 1231(b)(3). For relief under the CAT, Sindicue–Herrera must demonstrate that it is more likely than not that he would be tortured if removed to Colombia. *See* 8 C.F.R. § 208.16(c)(2). The torturous acts must be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

█ The BIA's determinations are supported by substantial evidence. Sindicue–Herrera devotes much of his appellate brief to arguing that the government of Colombia is "willfully blind" to the activities of the FARC. *See Silva–Rengifo v.*

*Att'y Gen.*, 473 F.3d 58, 70 (3d Cir.2007) ("For purposes for CAT claims, acquiescence to torture requires only that government officials remain willfully blind to torturous conduct and breach their legal responsibility to prevent it.") He fails, however, to address the more salient portion of the BIA's finding: that he would not face torture if he returned to Colombia. Specifically, the BIA found that Sindicue–Herrera lived in Bogota for nine years without facing torture at the hands of the FARC. *See* 8 C.F.R. § 1208.16(c)(3)(ii) (Evidence that the applicant could relocate to a part of the country of removal where he is not likely to be tortured is relevant in assessing possibility of future torture.) That finding constitutes substantial evidence to uphold the BIA's determination.

For similar reasons, the BIA's determination as to withholding of removal is also supported by substantial evidence. Sindicue–Herrera argues that males who are actively recruited by FARC constitute a "particular social group" under 8 U.S.C. § 1231(b)(3)(A). The BIA, however, held that even accepting Sindicue–Herrera's argument, he failed to establish that the FARC persecuted him. As the BIA noted, Sindicue–Herrera was forced to attend lectures and perform errands for the FARC and that he was a victim of a robbery.[1] This does not fall within the definition of persecution which we have previously defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Al–Fara v. Gonzales*, 404 F.3d 733, 739 (3d Cir.2005) (finding no persecution where soldiers entered petitioner's home by force but petitioner was not ar-

rested, detained, abused or physically harmed as a result of the encounter.) While the murder of Sindicue–Herrera's cousin in 1994 is undoubtedly tragic, Sindicue–Herrera has not demonstrated that the murder was in any way connected to him or his contacts with the FARC. Moreover, as with the CAT claim, the withholding of removal claim is undermined by his ability to live free from harm in Bogota for nine years. *See* 8 C.F.R. § 1208.16(b)(2). Sindicue–Herrera testified that the FARC came to his parents' house to look for him during that time; however, he does not state that any harm came to him or his family because of these inquiries.

Finally, Sindicue–Herrera's due process claim is without merit. The claim amounts to a contention that the BIA and IJ failed to consider all of the evidence he submitted. A review of the detailed opinions of the BIA and the IJ reveals that both considered all the evidence, found it credible, and denied Sindicue–Herrera's claims based on his failure to prove persecution or a likelihood that he would be tortured in Colombia. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir.2003) (citations omitted) ("In the context of an immigration hearing, due process requires that 'aliens threatened with deportation are provided the right to a full and fair hearing' that allows them 'a reasonable opportunity to present evidence' on their behalf.")

For these reasons, we will deny Sindicue–Herrera's petition for review.

---

1. Sindicue–Herrera also testified to an incident where guerillas put a gun to his head and threatened to kill him and his father. However, he further testified that the gueril-las explained that they mistook him for another person they were looking for. (Administrative Record 108–09).